IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANGELIQUE VINE,<br><br>                    Plaintiff,<br>v.<br><br>GEICO INDEMNITY COMPANY,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SEVER AND STAY**<br><br>Case No. 1:17-cv-00010-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is a Motion to Sever and Stay pursuant to FED. R. CIV. P. 42(b) filed by Defendant GEICO Indemnity Company. (Docket No. 15). GEICO moves this court to sever and stay both discovery and trial as to Plaintiff Angelique Vine's claim of bad faith until her claim for breach of contract is fully resolved. GEICO has requested a hearing on this matter, but after review of the briefing, the court is not convinced that oral argument would materially advance resolution of the Motion. Instead, the court decides the Motion on the submitted briefing alone. *See* DUCivR 7-1(f). As explained below, the court grants the Motion in part and denies the Motion in part.[1]

## **BACKGROUND**

Defendant GEICO served as Plaintiff Angelique Vine's insurance provider at the time of a rather serious car accident in August 2014. Ms. Vine settled with the other motorist's insurance provider for $25,000—an amount reaching the full extent of the other motorist's policy limit.

---

[1] Ms. Vine's response to the instant Motion included a request that the court order GEICO "to answer [outstanding] interrogatories and request for production of documents." (Docket No. 19, at 5). A motion to compel discovery is not to "be included in a response or reply memorandum" pertaining to a separate motion. *See* DUCivR 7-1(b)(1)(A). Instead, "[s]uch motions must be made in a separate document." *Id.* In any event, it appears that the parties have resolved the issue, making any putative motion moot. (*See* Docket No. 20, at 6).

Because this amount failed to cover Ms. Vine's medical costs, damages, and other expenses, she filed a claim with GEICO pursuant to her "underinsured motorist" or "UIM" insurance policy to make up the difference. GEICO refused to pay out on Ms. Vine's claim, prompting her to file the instant lawsuit in Utah state court. Ms. Vine's complaint alleged both that GEICO failed to fulfill the terms of the policy and that it acted in bad faith in evaluating her UIM claim. GEICO removed the action to federal court on the basis of diversity jurisdiction on January 12, 2017. (Docket No. 2).

On April 25, 2017, GEICO filed the instant Motion, seeking to sever Ms. Vine's breach of contract claim from her bad faith claim pursuant to FED. R. CIV. P. 42(b). (Docket No. 15). GEICO's Motion advocates two entirely separate discovery periods and two separate trials, and requests that discovery and trial for the bad faith claim be stayed until the breach of contract claim is fully resolved with a verdict on the merits. Ms. Vine responded on May 10, 2017, opposing the severance of discovery and the proposal to conduct two separate trials. (Docket No. 19). Instead, Ms. Vine proposed a single discovery period followed by a single trial bifurcated into two consecutive phases, each heard by the same jury. GEICO replied on May 18, 2017. (Docket No. 20). The court now considers the arguments of the parties pursuant to jurisdiction granted by 28 U.S.C. § 1332.

## DISCUSSION

As explained above, GEICO seeks to sever and stay discovery and trial on Ms. Vine's bad faith claim until her contractual claim is fully resolved pursuant to FED. R. CIV. P. 42(b). Rule 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Thus, bifurcation of issues for trial is appropriate where

the court finds (1) that convenience of a particular party or both parties together favors separate trials; (2) that expedition or economization of time and resources favor separate trials; or (3) that prejudice would result to one or more parties if separate issues were tried in a single trial. *King v. McKillop*, 112 F. Supp. 2d 1214, 1221 (D. Colo. 2000); *see also* FED. R. CIV. P. 42(b); *Tabor v. Hilti, Inc.*, 577 F. App'x 870, 878–79 (10th Cir. 2014) (unpublished). Although bifurcation "is not to be routinely ordered," *see Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993), this court nonetheless has "broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused," *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010) (quotations omitted); *see also Angelo*, 11 F.3d at 964 ("The district court has considerable discretion in determining how a trial is to be conducted."). Still, this court may not order bifurcation that would be "unfair or prejudicial to a party" even where "efficiency or separability" may favor such an order. *See Angelo*, 11 F.3d at 964. Ultimately,

> the presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses. The burden is on the defendant to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen delay, expense, and inconvenience to all parties.

*Sensitron, Inc. v. Wallace*, 504 F. Supp. 2d 1180, 1186 (D. Utah 2007) (quoting *Patten v. Lederle Labs*, 676 F. Supp. 233, 238 (D. Utah 1987)).

GEICO here argues that it will suffer undue prejudice if both Ms. Vine's contractual claim and her bad faith claim are tried in the same trial before the same jury. Specifically, GEICO asserts that evidence regarding its internal claims handling process is crucial to any defense to the bad faith claim, but irreparably damning in the context of the contractual claim. GEICO relies primarily on the reasoning of *McKeen v. USAA Cas. Insur. Co.*, a case dealing with claims and circumstances identical to those at bar. The *McKeen* court explained:

> An insurer cannot be forced to choose between 1) insisting on its right to exclude evidence of settlement negotiations and coverage determinations (thereby losing the advantage of showing that it was attempting to be reasonable in defense of the bad faith claims) and 2) putting on such evidence and risking a prejudicial inference that it has admitted liability on the contract action.

No. 2:14-cv-00396-DN-PMW, 2016 WL 4256948, at *5 –*6 (D. Utah Aug. 11, 2016) (unpublished) (quotations omitted). On this point, the court must agree. GEICO should not be forced to defend one claim by possibly conceding fault on another. "Jury instructions telling the jury to separate the evidence would not 'unring the bell' that they had heard regarding settlement, reserves, or other evidence that would be presented to establish bad faith." *Id.* at *6. Owing to the potential for significant prejudice to GEICO, and because it appears that both parties agree on this basic premise, bifurcation of the contractual and bad faith claims is manifestly appropriate.

While they agree that bifurcation is necessary, the parties differ markedly on what form that bifurcation should take. GEICO insists that complete quarantine of issues is necessary— from entirely separate discovery periods to entirely separate jury panels. Ms. Vine counters that such an approach would be unnecessarily duplicative and ultimately prejudicial to her claims. Instead, she recommends a single discovery period followed by a single trial divided into two discrete phases, one for the contractual claim and one for the bad faith claim. The court agrees with Ms. Vine that the complete separation of issues in both discovery and trial would be duplicative, counterproductive, and ultimately unnecessary.

Each of the Rule 42(b) factors favors a single discovery period followed by a two-phase trial heard by a single jury. First, the court fails to see how two entirely discrete discovery and trial periods would be convenient for either party or the court. It certainly would not be convenient for Ms. Vine, who would be forced to prepare for and litigate two entirely separate

trials over what would inevitably become a course of years. GEICO would similarly be forced to expend significant resources for the same length of time. Such a drawn-out process would only be convenient for GEICO if Ms. Vine simply gives up on one or more claims rather than expend resources on two lawsuits.

Second, it is clear that two separate discovery and trial periods would neither expedite nor economize the proceedings. In fact, the course of litigation would be nearly doubled by such an approach. Although the claims are mostly separable as to content, the separation of discovery and trial periods would almost inevitably lead to duplication of efforts by both parties. Further, the need to marshal court resources over the entire course of litigation, including the time and effort associated with empaneling two separate juries and preparing for two trials, weighs strongly against a total separation of the contractual and bad faith claims.

Finally, there would be significant prejudice to Ms. Vine if the court were to order a separate discovery and trial period for each claim. Current litigation efforts would be disrupted, significant delay would be inevitable, and Ms. Vine would be forced to expend attorney's fees and costs over multiple years in order to bring this matter to a close. Since convenience, speed, and efficiency are better served by a single discovery period followed by a two-phase trial, such delay and expenditure of resources is unnecessary. The court cannot order a bifurcation of trial that would be "unfair or prejudicial to a party" in this way. *See Angelo*, 11 F.3d at 964. Moreover, a two-phase trial would entirely alleviate any prejudice GEICO might suffer if both the contractual and bad faith claims were tried at the same time before the same jury.

GEICO protests that it will nonetheless suffer prejudice if discovery is not bifurcated. GEICO insists that Ms. Vine will gain an "unfair advantage" in litigation of her contract claim "by gaining access to GEICO's evaluation of the strengths and weaknesses of [her] claims and

5

GEICO's defenses"—work product evidence that would be undiscoverable but for the bad faith claim. (Docket No. 20, at 5). However, the court is skeptical that such disclosures would provide any significant advantage to Ms. Vine in pursuing her contractual claim. All told, there is little evidence that GEICO's claims handling process prior to denial would be so detailed or concrete as to risk showing GEICO's hand in this litigation. A basic outline of GEICO's contemplated defenses is already public record in the answer filed in this lawsuit. (*See* Docket No. 3). While the court is sensitive to GEICO's current predicament—desiring to convey the weight of evidence without revealing its content—there is simply not enough information regarding the prejudicial nature of such evidence to warrant a bifurcation of both discovery and trial.

And, in any event, the court is not convinced that any potential strategic advantage afforded to Ms. Vine from a single discovery period outweighs the significant logistical advantage that GEICO would gain if Ms. Vine were forced to litigate her claims over two separate lawsuits. Two discovery periods would necessitate two trials—increasing both the expense and the duration of litigation for both parties. Under such circumstances, GEICO, as a national company with significantly greater resources than a private individual, would need only to wait Ms. Vine out. And even if Ms. Vine had resources enough to endure essentially two lawsuits, she would still suffer significant enough prejudice from simply expending those resources on divided discovery and litigation. The delay in resolving her claims on the merits is an additional source of prejudice to Ms. Vine.

Further, all of the previously analyzed factors—convenience, efficiency, and economy—still outweigh any strategic disadvantage GEICO might suffer as the result of a single discovery period. GEICO argues that efficiency and economy would not be undermined in this instance because the claims are entirely severable and dependent on differing evidence. While the two

claims are legally distinct, the court is not optimistic that fact discovery can be so neatly severed as to avoid duplicative effort or delays. And, again, two discovery periods would necessitate two trials. GEICO has not shown that any strategic disadvantage it may suffer hangs heavier in the balance than the significant detriment to convenience, economy, and efficiency that two wholly separate trials would necessarily entail. *See Christensen v. Amer. Family Mut. Insur. Co.*, No. 1:09-cv-00094-TS, 2009 WL 3731962, at *4 (D. Utah Nov. 2, 2009) (unpublished) (explaining that in situations involving dueling UIM and bad faith claims, it is "a better policy to allow discovery on both the contract and bad faith claims"). Thus, GEICO has failed to overcome the presumption that Ms. Vine, as plaintiff, should be allowed to pursue her case as she chooses. *See Sensitron*, 504 F. Supp. 2d at 1186.

## **CONCLUSION**

Based on the foregoing, the court concludes that GEICO's Motion (Docket No. 15) should be **GRANTED** as to the bifurcation of trial, but **DENIED** as to the bifurcation of discovery. Accordingly,

1) The court **ORDERS** that discovery in this action proceed as originally ordered and scheduled, without any division as to separate claims.
2) The court further **ORDERS** that trial in this action be divided into two consecutive phases heard by the same jury. The first phase will deal exclusively with Ms. Vine's contractual claim while the second phase will deal exclusively with her bad faith claim.

IT IS SO ORDERED.

Signed this 14th day of August, 2017.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge